```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

FRANK DIRUSCIO,                      :
                                     :
     Plaintiff,                      :
                                     :
v.                                   :   CASE NO. 3:11CV1556 (RNC)
                                     :
JOSEPH MILLER, et al.,               :
                                     :
     Defendants.                     :
```

                          INITIAL REVIEW ORDER

     Plaintiff, proceeding pro se and in forma pauperis, brings

this action under 42 U.S.C. § 1983 against the following state

employees: Trooper Joseph Miller, Family Services Supervisors

Sandra McManus, Rasheen Ford Bey, Donna Garrison and Joseph Nash,

Assistant State's Attorney Jennifer Barry, and Public Defender

Kimberly Coulfer.  Also named as defendants are two private

attorneys, Carol Brigham and Bethany Phillips, and a Hartford law

firm, Butler Norris & Gold.  The complaint seeks money damages

for false arrest, malicious prosecution and conspiracy to violate

the plaintiff's civil rights.  The plaintiff has moved to amend

his complaint to add three more defendants: G4S, a security firm;

Matthew Kennedy, apparently an employee of G4S; and Steven St.

Clair, a Connecticut attorney.  The plaintiff also has filed a

motion for appointment of counsel.  For reasons explained below,

the complaint is dismissed without prejudice for failure to state

a claim on which relief can be granted, the motion for leave to

amend is denied without prejudice, the motion for appointment of

counsel is denied without prejudice, and plaintiff is given 30

days to file an amended complaint.

I.  The Court's Obligation to Review the Complaint

At the time this action was filed, the plaintiff was in the custody of the Department of Correction.  Pursuant to 28 U.S.C. § 1915A, a court is required to screen a prisoner's complaint against government employees and dismiss any part of the complaint that fails to state a claim on which relief may be granted.  Similarly, 28 U.S.C. § 1915(e)(2) provides that when a person has been permitted to proceed in forma pauperis, a court is required to dismiss the case if at any time it determines that the action fails to state a claim on which relief may be granted.

In accordance with these provisions, this Court is required to review the allegations of the plaintiff's complaint to determine whether the complaint states a claim on which relief can be granted.  To satisfy this standard, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Applying this standard, the Court concludes that the allegations of the complaint are insufficient for reasons set forth below.

II. Allegations of the Complaint

The complaint alleges the following:

On March 8, 2011, the plaintiff was in state court in

2

Danielson for the last phase of a 10-year old custody proceeding. During a recess, he was arrested pursuant to a warrant charging him with violating a protective order.[1]  The arrest warrant had been issued based on an application prepared by Trooper Miller. The application for the arrest warrant contained "false allegations."[2]  The application also failed to disclose that Trooper Miller and the "alleged victim" are "related."  Family Services Supervisors McManus, Bey, Garrison and Nash knew the allegations in the warrant application were false.  They also knew that Trooper Miller and the alleged victim are related.

On March 9, 2011, after a hearing in the criminal case, the plaintiff was ordered to wear an ankle bracelet as part of a "pilot program."  The court ordered that a bracelet be placed on the plaintiff as a result of false representations by Prosecutor Barry and Family Services Supervisor McManus regarding the plaintiff's criminal record.[3]  McManus is a college friend of the "alleged victim."

---

[1] Connecticut Judicial Branch records available online indicate that the charge for which the defendant was arrested on March 8, 2011, was failure to appear in the first degree.  See State v. Diruscio, Docket No. W11D-CR11-0144453-S (Conn. Super. Ct. Danielson GA 11 and JD).  These records indicate that on June 29, 2011, he was arrested for violating a protective order.  See State v. Diruscio, Docket No. W11D-CR11-014506-S (Conn. Super. Ct. Danielson GA 11 and JD).

[2] The false allegations in the arrest warrant are not specified in the complaint.

[3] The false representations concerning the plaintiff's criminal record are not specified in the complaint.

Public Defender Coulfer represented the plaintiff in the criminal case. She refused to let him see a police report, saying he was not allowed to see it. He was finally able to get a copy of the report by having Coulfer send it to another attorney. Coulfer tried to have the police report "shredded" but was unsuccessful. She gave the plaintiff a "fake page 2" of the report in an attempt to "suppress evidence" that police had investigated the underlying incident and found no probable cause.

Attorney Phillips was retained by the plaintiff's parents to represent him. She conspired with Barry, the prosecutor, to violate the plaintiff's civil rights. She also "forged a fee agreement," lied to the plaintiff about a police report and, like Coulfer, gave him a "fake" copy of a page in a police report.

Attorney Brigham represented the plaintiff in connection with divorce and custody issues. She showed indifference while representing him, and lied to him about court proceedings and case law, causing him mental anguish.

In addition, Phillips, McManus, Barry, Bey, Garrison, Nash and Brigham "conspired to control the custody case," and lied to the plaintiff "about legal terms and custody issues."

III. <u>Additional Information</u>

Records of the Connecticut Judicial Branch, which are publicly available on the internet, show that on December 9, 2011, approximately two months after this action was filed, an

individual named Frank Diruscio was convicted in Danielson of violating a protective order (docket number W11D-CR11-0145406-S) and failure to appear (docket number W11D-CR11-0144453-S) and received concurrent sentences of two years' jail suspended after time served with 2 years' probation.  The latter docket number is cited in the plaintiff's complaint in this case.[4]  In addition, the original arrest date in that docket - March 8, 2011 - matches the date given by the plaintiff in his complaint.  It is apparent, then, that the plaintiff is the person referred to in the records.

IV.  Analysis

Plaintiff brings this case under 42 U.S.C. § 1983, which provides that "[e]very person" who acts "under color of" state law to deprive another of federal constitutional rights shall be liable in a suit for damages.  Section 1983 enables a person whose federal rights have been violated by a state official to recover money damages for the violation.  To adequately plead a claim under § 1983, a plaintiff must allege that the conduct complained of was committed by the defendant while acting under

---

[4] In this regard, the complaint alleges: "In addition Marty Gold, Bethany Phillips, Judge DoSantos and Jennifer Barry, conspired to suppress discovery evidence by not providing page 2 of [the] police report prepared by Joseph Miller III.  Instead at [a] hearing on June 1st 2011 [they] gave me a fake Page 2 of [the ] police report Docket # W11D-CR11-014453-S.  My public defender Kim Coulfer also withheld [the] police report from me, saying to me Ct. Law does not allow me to see [it]."

color of state law and that the defendant's conduct deprived the plaintiff of one or more federal rights.  See Rodriguez v. Phillips, 66 F.3d 470, 473 (2d Cir. 1995).

    A.   Under Color of State Law

With regard to the first of these elements, acts are done "under color of" state law when they are performed by a state official while the official is purporting to act in the performance of his or her official duties; that is, the unlawful acts must consist of an abuse or misuse of power possessed by the official only because he or she is an official; and the unlawful acts must be of such a nature, and be committed under such circumstances, that they would not have occurred but for the fact that the person committing them was an official, purporting to exercise official powers.  See West v. Atkins, 487 U.S. 42, 49 (1988).  An otherwise private person can act "under color of" state law when he or she engages in a conspiracy with state officials to deprive another of federal rights.  See Tower v. Glover, 467 U.S. 914, 920 (1984).

In this case, the complaint alleges in conclusory terms that each of the named defendants acted under color of state law.  These allegations are sufficient with regard to Trooper Miller, the Family Services Supervisors and Assistant State's Attorney Barry, all of whom allegedly engaged in wrongful conduct in performing official duties.  But they are not sufficient with

6

regard to the other defendants.  Attorneys and law firms in the private sector ordinarily do not act under color of state law and thus are not subject to suit under § 1983.  See <u>Fine v. City of New York</u>, 529 F.2d 70, 74 (2d Cir. 1975).  Moreover, a public defender does not act under color of state law when performing a lawyer's functions as counsel to a defendant in a criminal case.  See <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981).[5]

    B.   <u>Deprivation of Federal Right</u>

The second element of plaintiff's § 1983 claim against each defendant requires him to allege that the defendant deprived him of a federal right.  The plaintiff's principal claims appear to be that he was arrested and prosecuted without probable cause.  The issuance of a facially valid warrant creates a presumption that probable cause exists and "a plaintiff who argues that a warrant was issued on less than probable cause faces a heavy burden."  <u>Golino v. New Haven</u>, 950 F.2d 864, 870 (2d Cir. 1991)(internal citations and quotation marks omitted).  To sustain this burden, the plaintiff must prove that the officer who obtained the warrant "knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit or omitted material information, and that such false or

---

[5] Plaintiff's conspiracy allegations do not suffice to allege action under color of state law by his attorneys because, as discussed later in the text, the allegations are conclusory in nature.

omitted information was necessary to the finding of probable cause." Soares v. Connecticut, 8 F.3d 917, 920 (2d Cir. 1993)(citations and internal quotations omitted); see also Brown v. D'Amico, 35 F.3d 97, 99 (2d Cir. 1994).  To prevail on a claim of malicious prosecution under section 1983, the plaintiff must prove the following: (1) the defendant initiated or procured the initiation of a criminal prosecution; (2) the criminal proceeding terminated in the plaintiff's favor; (3) the defendant acted without probable cause; and (4) the defendant acted with malice. See Miles v. City of Hartford, 445 F. App'x 379, 381, 382 (2d Cir. 2011).  "The existence of probable cause is an absolute protection against an action for malicious prosecution." Vandersluis v. Weil, 176 Conn. 353, 356 (Conn. 1978).

   Plaintiff's allegations regarding his arrest and prosecution fail to state a claim on which relief can be granted under § 1983 against any of the named defendants because the complaint does not show that the arrest and prosecution lacked probable cause. Based on the records of the Connecticut Judicial Branch, moreover, it is apparent that the plaintiff has been convicted of the criminal charges underlying this case.  A plaintiff cannot recover damages under § 1983 for false arrest or malicious prosecution when he has been convicted of the charges at issue. See Roesch v. Otarola, 980 F.2d 850, 853-54 (2d Cir. 1992)(false arrest claim under § 1983 requires plaintiff to show that

criminal proceeding terminated in his favor); Cameron v. Fogarty, 806 F.2d 380, 386 (2d Cir. 1986)("[T]he common law rule, equally applicable to actions asserting false arrest, false imprisonment, or malicious prosecution, was and is that the plaintiff can under no circumstances recover if he was convicted of the offense for which he was arrested.").

In addition to claiming false arrest and malicious prosecution, plaintiff also appears to be alleging a conspiracy to deprive him of due process. In order to adequately plead a conspiracy claim under § 1983, a plaintiff must allege (1) an agreement between two or more state actors (2) to act in concert to inflict an unconstitutional injury and (3) an overt act done in furtherance of that goal causing injury. See Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002). Complaints containing only conclusory, vague or general allegations are properly dismissed. Id. at 325.

Plaintiff's conspiracy allegations are conclusory, vague and general. The only detail he offers concerns alleged attempts to prevent him from seeing a police report in a criminal case. These allegations are insufficient to support a claim as they fail to allege an agreement to inflict an unconstitutional injury and an overt act done in furtherance of such a goal. Moreover, it is apparent that the police report in question related to the charge in docket number W11D-CR11-0144453-S, which resulted in a

9

conviction.  A plaintiff cannot recover damages under § 1983 for an alleged violation of due process in a criminal case resulting in a conviction unless and until the conviction is overturned.  See Heck v. Humphrey, 512 U.S. 477 (1994).

In addition to the claims discussed above, the complaint appears to be attempting to state a claim against defendants Barry and McManus with regard to the court order requiring the plaintiff to wear an ankle bracelet.  The allegations relating to this claim also fail to state a claim on which relief can be granted.  To begin with, plaintiff has not identified what federal right was violated in connection with the bracelet.  Even assuming the bracelet was a form of restraint on liberty that can support a § 1983 claim in this case, plaintiff has not alleged facts showing that Barry or McManus engaged in wrongdoing for which they can be held liable in a suit for damages.  Prosecutors are generally immune from liability for damages under § 1983 for acts performed in furtherance of prosecutorial functions.  See Flagler v. Trainor, 663 F.3d 543, 546 (2d Cir. 2011).  With regard to McManus, the allegations of the complaint are vague and conclusory and therefore insufficient to support a plausible claim.

Accordingly, the Court concludes that the complaint fails to state a claim on which relief can be granted under § 1983 against any of the named defendants.

V.   Motion to Amend

Plaintiff seeks to amend his complaint to add three new defendants: G4S, Matthew Kennedy and Attorney St. Clair.  In his motion, he states that G4S and Kennedy lied to the court about the bracelet program.  His motion provides no information concerning any potential claims against St. Clair.  In the absence of more information, the Court cannot tell whether the plaintiff has a claim under § 1983 against GS4, Kennedy or St. Clair.  The motion to amend is therefore denied without prejudice.

VI.  Motion for Appointment of Counsel

Turning to the motion for appointment of counsel, it is well-established that pro bono counsel should not be appointed unless the complaint has probable merit, see Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989), and the plaintiff is unable to obtain counsel on his own.  See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986).  For reasons discussed above, plaintiff's claims do not pass the test of likely merit.  In addition, it is not clear that the plaintiff is unable to obtain counsel on his own.  In support of his motion, he states that he tried to obtain counsel while he was in custody.  He may be better able to obtain counsel now that he has been released.  Accordingly, the motion for appointment of counsel is denied without prejudice.

VII.   <u>Conclusion</u>

    For the foregoing reasons, the allegations in the complaint and the motion to amend fail to show the existence of a claim under § 1983.  Even so, if plaintiff believes he can state a valid claim under § 1983 against one or more of the defendants named in the complaint and motion to amend, he may file an amended complaint.  The amended complaint must list each defendant in the caption.  With regard to each named defendant, the amended complaint must allege facts showing that the defendant, while acting under color of state law, deprived the plaintiff of a federal right.  In this regard, the plaintiff must identify the right allegedly violated by the defendant and also allege facts showing the violation.  To be timely, the amended complaint must be filed on or before May 21, 2012.

    So ordered this 19th day of April 2012.

                                       _____/s/ RNC_____
                                             Robert N. Chatigny
                                    United States District Judge